**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**JUL 2 1 2021**

TAMMY H. DOWNS, CLERK

By: _Ktaupo_
                          **DEP CLERK**

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KATHRYN REED and**                              **PLAINTIFFS**
**ISAAC MCCOMBS**

**V.**              CASE NO. 4:21-CV-652-BSM

**NISSAN NORTH AMERICA, INC.,**
**and JOHN DOES 1-4**                          **DEFENDANTS**

### NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, defendant Nissan North America, Inc. ("NNA"), files this notice of removal of from the Circuit Court of Saline County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Central Division.   Removal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, and is founded on the following:

1.      This case, styled *Kathryn Reed and Isaac McCombs v. Nissan North America, Inc., et al.* was originally filed on June 2, 2021 in the Circuit Court of Saline County, Arkansas, as civil case number 63CV-21-465-2.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases in federal court.

This **case assigned** to District Judge _Miller_
and to Magistrate Judge _Volpe_

2.      NNA was served on or about June 22, 2021.  *See* Ex. A, Proof of Service.

3.      NNA has not yet filed an answer to plaintiffs' complaint.

4.      This notice is filed within 30 days (or the first filing day thereafter) of the receipt by NNA of plaintiffs' complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

5.     Under 28 U.S.C. § 1446(a), NNA attaches as Exhibit "B" to this notice the complaint in this matter, summons, and other filed papers, which constitute all "process, pleadings, and orders" served to date.

6.     This case is removed under 28 U.S.C. § 1332(a) because this action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.     Upon information and belief, at the time of filing his complaint, plaintiffs were and are individual citizens and residents of the state of Arkansas. *See* Ex. B, Complaint, ¶¶ 1 and 2.

8.     NNA is a California corporation with its principal place of business at 1 Nissan Way, Franklin, Tennessee 37067.  A corporation is deemed to be a citizen of its state of incorporation and the state of its principal place of business.  28 U.S.C. § 1332(c)(1).  As such, NNA is a citizen of the state of California and the state of Tennessee.

9.     Complete diversity exists in this matter because plaintiffs are citizens of the state of Arkansas and NNA  is a citizen of states other than Arkansas.

10.     As to the amount in controversy, the plaintiff's complaint expressly seeks to recover damages against NNA "in excess of that required for federal court jurisdiction in diversity of citizenship cases . . . ." *See* Ex. B, Complaint, ¶ 40.

11.     Accordingly, this Court has original diversity jurisdiction of this action under 28 U.S.C. § 1332(a) and the action is removable pursuant to 28 U.S.C. § 1441(a).

12.     The United States Court for the Eastern District of Arkansas, Central Division, embraces the county in which the state court action is now pending.

13.     This notice of removal is signed under Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

14.     Written notice of the filing of this notice will promptly be given to plaintiff, and, together with a copy of this notice of removal, will be filed with the Circuit Court of Saline County, Arkansas, as provided by 28 U.S.C. § 1446(d).

15.     Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

16.     Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of NNA's right to assert any defense or affirmative matter, whether under Federal Rule of Civil Procedure 8(c), Federal Rule of Civil Procedure 12(b), or otherwise.

17.     NNA expressly reserves any and all defenses that may be available to it in this action.

18.     This notice of removal is supported by the following exhibits:

    a.      Exhibit A – proof of service; and

    b.      Exhibit B – the complaint, answer, and other papers and pleadings.

WHEREFORE, defendant Nissan North America, Inc., removes this action from the Circuit Court of Saline County, Arkansas, to the United States District

Court for the Eastern District of Arkansas, Central Division, and seeks resolution by this Court of all issues raised herein.

DATED this 21 day of July, 2021.

By: _____
AR Bar Number 2010147
Attorney for Defendant
Nissan North America, Inc.
WRIGHT LINDSEY & JENNINGS, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201
(501) 371-0808 (telephone)
(501) 376-9442 (facsimile)
bdrennon@wlj.com (e-mail)

and

By:  *John Randolph Bibb, Jr.*
Tennessee B.P.R. No. 009350
Attorney for Defendant
Nissan North America, Inc.
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, Tennessee 37219
(615) 259-1349 (telephone)
(615) 259-1389 (facsimile)
rbibb@lewisthomason.com (e-mail)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2021, I presented the foregoing to the Clerk of Court for filing and uploading to the CM/ECF system, which shall send notification of such filing to the following:

Nader G. Afsordeh – nader@petermillerlaw.com

_____
Baxter D. Drennon



**CSC**

KN4 / ALL
**Transmittal Number: 23397216**
**Date Processed: 06/25/2021**

# Notice of Service of Process

**Primary Contact:**
Nissan North America, Inc.
One Nissan Way
Franklin, TN 37067-6367

**Electronic copy provided to:**

| | |
|---|---|
| **Entity:** | Nissan North America, Inc.<br>Entity ID Number 0505342 |
| **Entity Served:** | Nissan North America Inc |
| **Title of Action:** | Kathryn Reed vs. Nissan North America, Inc. |
| **Matter Name/ID:** | Kathryn Reed vs. Nissan North America, Inc. (11346177) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Saline County Circuit Court, AR |
| **Case/Reference No:** | 63CV-21-465 |
| **Jurisdiction Served:** | Arkansas |
| **Date Served on CSC:** | 06/22/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Nader G. Afsordeh<br>501-374-6300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT "A"**

THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
CIVIL DIVISION

KATHRYN REED and ISAAC MCCOMBS
Plaintiff

v.                                          No. 63CV-21-465-2

NISSAN NORTHING AMERICA, INC. and
JOHN DOES 1-4
Defendants

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**
Nissan North America Inc
300 S. Spring Street
Suite 900
Little Rock, AR 72201

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nader Afsordeh
The Law Offices of Peter Miller
1601 S Broadway
Little Rock, AR 72206

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Myka Bond Sample
CLERK OF COURT

Address of Clerk's Office

200 N. Main

Benton, AR 72015

Jerrih Moore
[Signature of Clerk or Deputy Clerk]

Date: 6-2-2021

[SEAL]

EXHIBIT "B"

63CV-21-4652

**No. _____ This summons is for NISSAN NORTH AMERICA, INC.**
**PROOF OF SERVICE**

☐ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

☐ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

☐ On_____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

☐ On _____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____ [name and job description]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]:

☐ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**


Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS


By: _____
     [signature of server]


_____
     [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
     [signature of server]


_____
     [printed name]

Address: _____

     Phone: _____

Subscribed and sworn to before me this date: _____

     Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

FILED
SALINE COUNTY
CIRCUIT CLERK

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS JUN -2  AM 9: 23
_____ 2___ DIVISION

BY_____JM_____

KATHRYN REED and                                                                  PLAINTIFFS
ISAAC MCCOMBS

v.                                    CASE NO: 63 CV-21-465

NISSAN NORTH AMERICA, INC. and                                    DEFENDANTS
JOHN DOES 1-4

## COMPLAINT

COME NOW the Plaintiffs, Kathryn Reed and Isaac McCombs, by and through legal

counsel, Nader Afsordeh of THE LAW OFFICES OF PETER A. MILLER, P.A., and for their complaint

against the Defendants, Nissan North America, Inc. and John Does 1-4, do allege, aver, and state

the following:

### PARITES, JURISDICTION, and VENUE

1. Plaintiff Kathryn Reed (hereinafter "Plaintiff Reed") is a resident of Saline County, Arkansas,

   and was at all material times mentioned herein.

2. Plaintiff Isaac McCombs (hereinafter "Plaintiff McCombs") is a resident of Saline County,

   Arkansas, and was at all material times mentioned herein.

3. Upon information and belief, Defendant Nissan North America, Inc. (hereinafter

   "Defendant") is a foreign for-profit corporation registered to do business in the state of

   Arkansas, with its principal address at 300 S. Spring St., Suite 900, Little Rock, Arkansas

   72201.  Defendant Nissan's registered agent for service of process is Corporation Service

   Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock,

   Arkansas 72201.  Service may be had on Defendant Nissan by serving its registered agent.

4. At all times described in this Complaint, John Does 1-4 were involved in manufacturing,

   producing, selling, and placing into the stream of commerce of Plaintiff Reed's vehicle more

specifically described as a 2012 Nissan Versa; VIN 3N1BC1CP7CK294141. Despite

reasonable and diligent injuries by the Plaintiffs, the names of the John Does are unknown at

this time. Please see the affidavit attached hereto as **Exhibit A.**

5.  Whenever the term "Defendant", "Defendants", "Nissan North America, Inc.", or "Nissan"

    is utilized in this Complaint, such term collectively refers to and includes Nissan North

    America, Inc. and John Does 1-4.

6.  The events giving rise to this cause of action occurred in rural Saline County, Arkansas, and

    Plaintiffs reside in Saline County, Arkansas; therefore this Court has jurisdiction over this

    case and venue properly lies in Saline County, Arkansas.

7.  This is a civil matter and the amount in controversy exceeds the statutory minimums for

    federal court diversity jurisdiction cases.

### FACTS

8.  Plaintiff Kathryn Reed was the registered owner of a 2012 Nissan Versa, VIN

    3N1BC1CP7CK294141.

9.  The 2012 Nissan Versa owned by Plaintiff Reed was manufactured and distributed by

    Defendant Nissan.

10. On or about July 27, 2018, at approximately 11:09 p.m., Plaintiff Reed was driving the 2012

    Nissan Versa, traveling westbound on Steel Bridge Road, with Plaintiff McCombs as a

    passenger. Plaintiff Reed attempted to turn left onto Meyers Road, but she made the turn

    too soon and attempted to straighten out her vehicle.

11. At the same time, David D. Phillips was driving a 2001 Dodge Dakota, owned by David L.

    Phillips, traveling eastbound on Steel Bridge Road, with Courtney Coney as a passenger. As

    Plaintiff Reed was attempting to straighten out, David D. Phillips came over a hill and hit

    the Plaintiff's vehicle head on.

12. The side curtain airbags of Plaintiff Reed's Nissan Versa deployed as a result of the collision, but despite the significant front impact collision, the frontal airbags of the Nissan Versa failed to deploy during or after the accident, causing significant damage and severe physical injuries to the Plaintiffs. Both frontal airbags of David Phillips' Dodge Dakota were deployed as a result of the collision.

13. Upon impact, Plaintiff Reed's Nissan Versa was traveling at approximately 16 m.p.h., and David Phillips' Dodge Dakota was traveling at approximately 43 m.p.h. The Plaintiffs' Nissan experienced a change in velocity of approximately 35-38 m.p.h.

14. The Airbag Control Module in the Nissan Versa failed to recognize or identify the impact. The change in speed of Plaintiffs' Nissan Versa as it impacted David Phillips' vehicle was severe enough to warrant frontal airbag deployment, and if the product had not been defective, the frontal airbags would have deployed.

15. If the frontal airbags of the Nissan Versa had deployed properly, they would have prevented and/or mitigated the severe injuries sustained by Plaintiffs.

16. Plaintiffs were entirely unaware of the defective nature of Plaintiff Reed's Nissan Versa.

17. The defective airbags caused significant and permanent injuries to Plaintiffs.

## CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION – STRICT LIABILITY PURSUANT TO ARK. CODE ANN. §16-116-101, *et seq.* – ARKANSAS PRODUCT LIABILITY ACT

18. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

19. Defendant Nissan designed, manufactured, sold, marketed, labeled, distributed, and placed into the stream of commerce a defective and unreasonably dangerous product, *i.e.* the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint.

20. Upon information and belief, the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the crash, in essentially the same condition as when it left the hands of these Defendants.

21. As stated in several particulars previously, the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, as designed and manufactured by Defendants was in a defective condition and unreasonably dangerous to foreseeable users, including Plaintiffs.

22. Defendants were aware that the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, as designed, manufactured, and sold was defective and unreasonably dangerous, and that a safer design was feasible and available.

23. The defects and dangers of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of the Complaint, were unknown to Plaintiffs at the time they were injured.

24. As a direct and proximate result of the defective and unreasonably dangerous condition of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, the frontal airbags failed to deploy upon significant front impact collision and caused life-altering and catastrophic injuries to Plaintiffs.

25. Pursuant to Arkansas Code Ann. § 16-116-101 *et. al*, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint. The damages that Plaintiffs suffered include, *inter alia,* severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

## B. SECOND CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

27. A seller impliedly warrants that a product is merchantable at the time the product is sold. To be merchantable, a product must be fit for the ordinary purposes for which the product is used, and the product must be adequately labeled and must conform to any promises or affirmations of fact made on the container or label.

28. Plaintiffs have sustained damages due to Defendants' unsafe, defective, and inherently dangerous vehicle, which is the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141.

29. Defendants sold the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which was not merchantable in that the product as designed posed an unsafe and inherent risk to drivers and/or riders of the vehicle.

30. The unfitness of Defendants' product was a proximate cause of Plaintiffs' damages. Plaintiffs are persons whom Defendants would have reasonably expected to be affected by Defendants' unsafe, defective, and inherently dangerous transportation vehicle.

## C. THIRD CAUSE OF ACTION – NEGLIGENCE

31. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

32. Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, and a duty to place a reasonably safe transportation vehicle in the stream of commerce.

33. Upon information and belief, the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of this action, was expected to, and did, reach the users and/or

consumers without substantial change in the condition in which it was sold and was, at the time of the crash, in essentially the same condition as when it left the hands of Defendants.

34. Defendants knew or should have known that the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, was inherently dangerous, and that the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, was defective as previously set forth herein.

35. Defendants had a duty to recall the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141.

36. Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

   a. In designing, manufacturing, and placing into commerce an unsafe 2012 Nissan Versa, VIN 3N1BC1CP7CK294141;

   b. In failing to properly and adequately design, test, and manufacture the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141;

   c. In failing to design, manufacture, and sell a safe 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, despite the fact that such assembly designs were technologically and economically feasible;

   d. In failing to have discovered that the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, had defective airbags;

   e. In failing to properly inspect, maintain, and assemble the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint;

   f. In allowing a defective and/or inherently dangerous 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, to be used; and

   g. In failing to create and provide sufficient recalls as to warn consumers of the dangerous propensities of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, to the end-user.

37. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of Defendants, Plaintiffs were severely damaged and are entitled to an award of actual and consequential damages as previously set forth herein.

38. Defendants' conduct in designing, manufacturing, and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiffs are entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## DAMAGES

39. The serious and permanent injuries sustained by Plaintiffs as a result of Defendants' violations of one or more of the above safety rules and duties include, but are not limited to, the following:

   a.  Serious and permanent injuries to Plaintiffs;

   b.  Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

   c.  Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

   d.  Loss of past and future income;

   e.  Loss of earning capacity; and

   f.  Past and future mental anguish.

40. Plaintiffs' damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiffs should be awarded a judgment against Defendants in an amount to fully and fairly compensate them for each and every element of damages that has been suffered.

41. Plaintiffs are entitled to recover punitive damages in accordance with Arkansas law, based upon Defendants' complete indifference to and conscious disregard for the safety of Plaintiffs, and others, causing or contributing to catastrophic and permanent injuries. Defendants' wanton and reckless acts and omissions occurred under circumstances where

their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Plaintiffs.  Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and continued this conduct with malice and wanton and reckless disregard for the consequences of their actions for which punitive damages should be awarded.

42. In addition to actual, special, consequential and compensatory damages, Plaintiffs demand a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

43. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs pray that after a jury trial of this action that they be awarded judgment against Defendants in such an amount that will fully and fairly compensate them for all of the damages they sustained; for punitive damages; all attorney fees and costs as permitted by law; and any and all other relief to which they may be entitled.

Respectfully submitted,

Nader G. Afsordeh (AR 2010253)
THE LAW OFFICES OF PETER A. MILLER, P.A.
1601 S. Broadway
Little Rock, AR  72206
T: (501) 374-6300
F: (501) 374-1244
E: nader@petermillerlaw.com

ELECTRONICALLY FILED
Saline County Circuit Court
Myka Bono Sample, Circuit Clerk
2021-Jun-02 11:25:15
63CV-21-465
C22D02 : 2 Pages

## IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
## 2ND DIVISION

KATHRYN REED and                                    **PLAINTIFFS**
ISAAC MCCOMBS

v.                          **CASE NO: 63 CV 21-465-2**

NISSAN NORTH AMERICA, INC. and                      **DEFENDANTS**
JOHN DOES 1-4

### AFFIDAVIT

1. My name is Nader G. Afsordeh, and I am the attorney for the Plaintiffs in this matter. My address is 1601 S. Broadway, Little Rock, AR 72206.

2. This affidavit is being filed in accordance with Ark. Code Ann. § 13-56-125 and all statements contained herein are true.

3. Despite reasonable and diligent investigation into this matter, I was unable to determine and identify with certainty the exact corporate names of the entities involved in manufacturing, producing, selling, and placing into the stream of commerce of Plaintiff's 2012 Nissan Versa other than Nissan North America, Inc. Accordingly, such persons are identified in the Complaint as John Does 1-4.

4. The decision to specifically name only the above listed Defendants does not reflect a strategic decision to omit other potentially liable individuals or entities, but is based solely on lack of information at this time that any other person or entity may be responsible or liable to respond in damages (e.g., as a liability carrier for an allegedly tort-immune defendant, or the correct corporate name of Nissan).

5. This Affidavit is filed in the interest of tolling the statute of limitations as to any unknown defendant or the professional liability carrier thereof, in the event that such unknown defendant may claim charitable immunity from suit in tort. In the event that another

**EXHIBIT A**

potential defendant is identified, the Complaint will be promptly amended by substituting

the real name for the pseudo-name in accordance with Ark. Code Ann. § 16-56-125.


FURTHER AFFIANT SAITH NOT.


Nader G. Afsordeh (AR 2010253)


State of Arkansas
County of Pulaski


Personally appears before me, the undersigned authority in and for the said county and state on this
1st day of June, 2021, within my jurisdiction, the within named Nader G. Afsordeh, who
acknowledged that he executed the above and foregoing instrument


Notary Public

SEAL:


**EXHIBIT A**

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS
2ND DIVISION

KATHRYN REED AND
ISAAC MCCOMBS                                                    PLAINTIFFS

    v.                                    CASE NO. 63 CV 21-465-2

NISSAN NORTH AMERICA, INC. AND
JOHN DOES 1-4                                                   DEFENDANTS

## PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT NISSAN NORTH AMERICA, INC.

COMES NOW the Plaintiffs herein, Kathryn Reed and Isaac McCombs, by and through the undersigned counsel, and propounds the following Interrogatories and Requests for Production of Documents to Defendant Nissan North America the same to be answered in writing, under oath, and within the time required by Arkansas law.

**INTERROGATORY NO. 1:**   Please name the legal entity or entities responsible for the designing, manufacturing, distribution, and sale of the vehicle and air-bag system that is the subject of this complaint, specifically the 2012 Nissan Versa, VIN: 3N1BC1CP7CK294141.

**REQUEST FOR PRODUCTION NO. 1**: Please provide the VIN history of the vehicle that is the subject of this complaint, specifically the 2012 Nissan Versa, VIN: 3N1BC1CP7CK294141, including, but not limited to, the manufacturing date, any date of sale, and any date of service.

Respectfully submitted,

By:   **/s/ Nader Afsordeh**

Nader G. Afsordeh, Ark. Bar No. 2010253
The Law Offices of Peter Miller, P.A.
1601 Broadway St
Little Rock, AR  72206
(501) 374-6300
(501) 374-6300 *fax*
nader@petermillerlaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, Nader G. Afsordeh, hereby certify that a copy of the foregoing document was served upon all counsel of record in this matter via electronic mail, facsimile, and/or U.S. Mail, first class postage prepaid and addressed as follows:

*Nissan North America, Inc.*
*300 S. Spring Street*
*Little Rock, AR  72201*

On this 3nd day of June, 2021.

    **/s/ Nader Afsordeh**
Nader Afsordeh

**CERTIFIED MAIL**



7017 3380 0000 7628 5656

NEOPOST                    PRIORITY MAIL
06/03/2021
US POSTAGE $007.70⁰



ZIP 72206
041M11297517

 LAW OFFICES OF
MILLER & MALLETT
1601 Broadway • Little Rock, AR 72206

NISSAN NORTH AMERICA, INC.

300 S. SPRING STREET, SUITE 900

LITTLE ROCK, AR 72201