FILED
SALINE COUNTY
CIRCUIT CLERK

IN THE CIRCUIT COURT OF SALINE COUNTY, ARKANSAS 2021 JUN -2 AM 9: 23
___2___ DIVISION

BY ___JM___

KATHRYN REED and                                           PLAINTIFFS
ISAAC MCCOMBS

v.                          CASE NO: 63CV-21-465

NISSAN NORTH AMERICA, INC. and                             DEFENDANTS
JOHN DOES 1-4

## COMPLAINT

COME NOW the Plaintiffs, Kathryn Reed and Isaac McCombs, by and through legal counsel, Nader Afsordeh of THE LAW OFFICES OF PETER A. MILLER, P.A., and for their complaint against the Defendants, Nissan North America, Inc. and John Does 1-4, do allege, aver, and state the following:

### PARITES, JURISDICTION, and VENUE

1. Plaintiff Kathryn Reed (hereinafter "Plaintiff Reed") is a resident of Saline County, Arkansas, and was at all material times mentioned herein.

2. Plaintiff Isaac McCombs (hereinafter "Plaintiff McCombs") is a resident of Saline County, Arkansas, and was at all material times mentioned herein.

3. Upon information and belief, Defendant Nissan North America, Inc. (hereinafter "Defendant") is a foreign for-profit corporation registered to do business in the state of Arkansas, with its principal address at 300 S. Spring St., Suite 900, Little Rock, Arkansas 72201. Defendant Nissan's registered agent for service of process is Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201. Service may be had on Defendant Nissan by serving its registered agent.

4. At all times described in this Complaint, John Does 1-4 were involved in manufacturing, producing, selling, and placing into the stream of commerce of Plaintiff Reed's vehicle more

specifically described as a 2012 Nissan Versa; VIN 3N1BC1CP7CK294141. Despite reasonable and diligent injuries by the Plaintiffs, the names of the John Does are unknown at this time. Please see the affidavit attached hereto as **Exhibit A**.

5. Whenever the term "Defendant", "Defendants", "Nissan North America, Inc.", or "Nissan" is utilized in this Complaint, such term collectively refers to and includes Nissan North America, Inc. and John Does 1-4.

6. The events giving rise to this cause of action occurred in rural Saline County, Arkansas, and Plaintiffs reside in Saline County, Arkansas; therefore this Court has jurisdiction over this case and venue properly lies in Saline County, Arkansas.

7. This is a civil matter and the amount in controversy exceeds the statutory minimums for federal court diversity jurisdiction cases.

## FACTS

8. Plaintiff Kathryn Reed was the registered owner of a 2012 Nissan Versa, VIN 3N1BC1CP7CK294141.

9. The 2012 Nissan Versa owned by Plaintiff Reed was manufactured and distributed by Defendant Nissan.

10. On or about July 27, 2018, at approximately 11:09 p.m., Plaintiff Reed was driving the 2012 Nissan Versa, traveling westbound on Steel Bridge Road, with Plaintiff McCombs as a passenger. Plaintiff Reed attempted to turn left onto Meyers Road, but she made the turn too soon and attempted to straighten out her vehicle.

11. At the same time, David D. Phillips was driving a 2001 Dodge Dakota, owned by David L. Phillips, traveling eastbound on Steel Bridge Road, with Courtney Coney as a passenger. As Plaintiff Reed was attempting to straighten out, David D. Phillips came over a hill and hit the Plaintiff's vehicle head on.

12. The side curtain airbags of Plaintiff Reed's Nissan Versa deployed as a result of the collision, but despite the significant front impact collision, the frontal airbags of the Nissan Versa failed to deploy during or after the accident, causing significant damage and severe physical injuries to the Plaintiffs. Both frontal airbags of David Phillips' Dodge Dakota were deployed as a result of the collision.

13. Upon impact, Plaintiff Reed's Nissan Versa was traveling at approximately 16 m.p.h., and David Phillips' Dodge Dakota was traveling at approximately 43 m.p.h. The Plaintiffs' Nissan experienced a change in velocity of approximately 35-38 m.p.h.

14. The Airbag Control Module in the Nissan Versa failed to recognize or identify the impact. The change in speed of Plaintiffs' Nissan Versa as it impacted David Phillips' vehicle was severe enough to warrant frontal airbag deployment, and if the product had not been defective, the frontal airbags would have deployed.

15. If the frontal airbags of the Nissan Versa had deployed properly, they would have prevented and/or mitigated the severe injuries sustained by Plaintiffs.

16. Plaintiffs were entirely unaware of the defective nature of Plaintiff Reed's Nissan Versa.

17. The defective airbags caused significant and permanent injuries to Plaintiffs.

## CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION – STRICT LIABILITY PURSUANT TO ARK. CODE ANN. §16-116-101, *et seq.* – ARKANSAS PRODUCT LIABILITY ACT

18. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

19. Defendant Nissan designed, manufactured, sold, marketed, labeled, distributed, and placed into the stream of commerce a defective and unreasonably dangerous product, *i.e.* the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint.

20. Upon information and belief, the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of this action was expected to, and did, reach the user and/or consumer without substantial change in the condition in which it was sold and was, at the time of the crash, in essentially the same condition as when it left the hands of these Defendants.

21. As stated in several particulars previously, the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, as designed and manufactured by Defendants was in a defective condition and unreasonably dangerous to foreseeable users, including Plaintiffs.

22. Defendants were aware that the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, as designed, manufactured, and sold was defective and unreasonably dangerous, and that a safer design was feasible and available.

23. The defects and dangers of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of the Complaint, were unknown to Plaintiffs at the time they were injured.

24. As a direct and proximate result of the defective and unreasonably dangerous condition of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, the frontal airbags failed to deploy upon significant front impact collision and caused life-altering and catastrophic injuries to Plaintiffs.

25. Pursuant to Arkansas Code Ann. § 16-116-101 *et. al*, Defendants are strictly liable for all damages proximately caused by the defective and unreasonably dangerous condition of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint. The damages that Plaintiffs suffered include, *inter alia*, severe and permanent injuries, scarring and disfigurement, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction.

### B. SECOND CAUSE OF ACTION – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

27. A seller impliedly warrants that a product is merchantable at the time the product is sold. To be merchantable, a product must be fit for the ordinary purposes for which the product is used, and the product must be adequately labeled and must conform to any promises or affirmations of fact made on the container or label.

28. Plaintiffs have sustained damages due to Defendants' unsafe, defective, and inherently dangerous vehicle, which is the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141.

29. Defendants sold the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which was not merchantable in that the product as designed posed an unsafe and inherent risk to drivers and/or riders of the vehicle.

30. The unfitness of Defendants' product was a proximate cause of Plaintiffs' damages. Plaintiffs are persons whom Defendants would have reasonably expected to be affected by Defendants' unsafe, defective, and inherently dangerous transportation vehicle.

### C. THIRD CAUSE OF ACTION – NEGLIGENCE

31. Plaintiffs incorporate by reference herein the preceding paragraphs as though stated word-for-word.

32. Defendants had a duty to properly and safely design, test, manufacture, maintain, and inspect the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, and a duty to place a reasonably safe transportation vehicle in the stream of commerce.

33. Upon information and belief, the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, which is the subject of this action, was expected to, and did, reach the users and/or

consumers without substantial change in the condition in which it was sold and was, at the time of the crash, in essentially the same condition as when it left the hands of Defendants.

34. Defendants knew or should have known that the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, was inherently dangerous, and that the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, was defective as previously set forth herein.

35. Defendants had a duty to recall the subject 2012 Nissan Versa, VIN 3N1BC1CP7CK294141.

36. Defendants violated their duties and were careless, negligent, grossly negligent, reckless, willful, and wanton, in the following particulars:

    a. In designing, manufacturing, and placing into commerce an unsafe 2012 Nissan Versa, VIN 3N1BC1CP7CK294141;

    b. In failing to properly and adequately design, test, and manufacture the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141;

    c. In failing to design, manufacture, and sell a safe 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, despite the fact that such assembly designs were technologically and economically feasible;

    d. In failing to have discovered that the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, had defective airbags;

    e. In failing to properly inspect, maintain, and assemble the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, that is the subject of this Complaint;

    f. In allowing a defective and/or inherently dangerous 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, to be used; and

    g. In failing to create and provide sufficient recalls as to warn consumers of the dangerous propensities of the 2012 Nissan Versa, VIN 3N1BC1CP7CK294141, to the end-user.

37. As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, willfulness, and wantonness of Defendants, Plaintiffs were severely damaged and are entitled to an award of actual and consequential damages as previously set forth herein.

38. Defendants' conduct in designing, manufacturing, and placing an inherently dangerous product, with a known and serious risk of harm, into the stream of commerce was reckless, willful, wanton, heedless, and in flagrant disregard to public safety. As a result, Plaintiffs are entitled to recover punitive and/or exemplary damages in an amount to be determined by the trier of fact.

## DAMAGES

39. The serious and permanent injuries sustained by Plaintiffs as a result of Defendants' violations of one or more of the above safety rules and duties include, but are not limited to, the following:

    a. Serious and permanent injuries to Plaintiffs;

    b. Medical expenses incurred in the past and reasonably expected to be incurred in the future, and transportation expenses to obtain such medical treatment;

    c. Physical pain and suffering experienced in the past and reasonably expected to be experienced in the future;

    d. Loss of past and future income;

    e. Loss of earning capacity; and

    f. Past and future mental anguish.

40. Plaintiffs' damages are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiffs should be awarded a judgment against Defendants in an amount to fully and fairly compensate them for each and every element of damages that has been suffered.

41. Plaintiffs are entitled to recover punitive damages in accordance with Arkansas law, based upon Defendants' complete indifference to and conscious disregard for the safety of Plaintiffs, and others, causing or contributing to catastrophic and permanent injuries. Defendants' wanton and reckless acts and omissions occurred under circumstances where

their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Plaintiffs. Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and continued this conduct with malice and wanton and reckless disregard for the consequences of their actions for which punitive damages should be awarded.

42. In addition to actual, special, consequential and compensatory damages, Plaintiffs demand a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

43. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs pray that after a jury trial of this action that they be awarded judgment against Defendants in such an amount that will fully and fairly compensate them for all of the damages they sustained; for punitive damages; all attorney fees and costs as permitted by law; and any and all other relief to which they may be entitled.

Respectfully submitted,

*/s/*

Nader G. Afsordeh (AR 2010253)
THE LAW OFFICES OF PETER A. MILLER, P.A.
1601 S. Broadway
Little Rock, AR 72206
T: (501) 374-6300
F: (501) 374-1244
E: nader@petermillerlaw.com